# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Murdock Empire Group, Inc., an Arizona Corporation,<br><br>Debtor. | Chapter 11<br><br>Case No.: 2:16-bk-11113-DPC<br><br>**THIRD ORDER AUTHORIZING USE OF CASH COLLATERAL** |

This matter originally came before the Court pursuant to the "Emergency Motion for Interim and Final Orders Authorizing Use of Cash Collateral" ("Motion") (DE 09). The Court conducted a hearing on October 4, 2016, and granted the interim use of cash collateral subject to conditions set forth in the order ("First Order") (DE 55). Ascentium Capital LLC filed an objection to the Motion. On November 29, 2016, the Court conducted a continued hearing on the use of cash collateral, and an order was subsequently entered allowing the use of cash collateral through January 31, 2017, based upon the terms and conditions set forth in the Order ("Second Order"). (DE 66). On January 30, a continued hearing was held. Counsel for the Debtor and secured creditor Ascentium Capital LLC advised the Court of the parties' agreement to extend the terms of the existing Second Order for an additional ninety (90) days, as modified by the parties in a proposed order to be lodged with the Court following the hearing.

For the reasons stated on the record, and good cause appearing,

**IT IS HEREBY ORDERED** *NUNC PRO TUNC* **AS FOLLOWS**:

A. Debtor is authorized to continue to use the cash collateral (the "Cash Collateral") for the following purposes:

1. Purchase only such additional inventory, including food, beverages, and supplies, so as to maintain the levels it had on the petition date;

2. Pay employees their reasonable wages in a manner consistent with the Debtor's pre-petition practices;

3. Pay such other expenses as are reasonably necessary to keep the stores open and operating in compliance with obligations to landlords and Subway, including but not limited to utilities, rent, royalties (to Subway), advertising (to Subway);

4. To the extent cash is available, pay the Debtor's principals, John Murdock and Sharon Murdock their regular salary for post-petition work only, consistent with the Debtor's pre-petition practice, but not to exceed a combined sum of $6,000 per month.

B. All existing liens shall continue to exist with the same validity and priority that they possessed on the petition date;

C. Debtor's counsel shall provide Ascentium Capital, or its attorney, with copies of bank statements for any open bank account held by the Debtor no later than five (5) business days following the end of each month, and Debtor shall file monthly operating reports in compliance with the rules and procedures of the United States Trustee.

D. Debtor shall produce to Ascentium Capital, or its attorney, within five (5) business days of execution of this Order the following documents: (1) written certification from the Debtor that, pursuant to the terms of the First Order and Second Order, no payments have been made to the principals of the Debtor unless funds were available in accordance with this Order; and (2) a cash flow projection showing how the Debtor intends to service the debt owed to its secured creditors, including Ascentium Capital.

E. Upon Debtor's failure to timely perform the obligations set forth in paragraphs C and D above, , and on three (3) calendar days' notice of default given to Debtor's attorney, and should the Debtor fail to timely cure said default, Ascentium Capital may, without any further proceedings, file a Notice of Default in Debtor's case and lodge an order with the Court requiring Debtor to sequester all Cash Collateral and prohibiting the Debtor's use of any Cash Collateral unless and until it obtains the consent of Ascentium or, in the alternative, an Order of the Court authorizing such use. Debtor hereby consents to the default order lodged under such circumstances and agrees

1  not to oppose the entry of such a default order.

2    F.  This Order expires on April 30, 2017;

3    G.  On **April 17, 2017 at 10:00 a.m.** the Court will conduct a continued hearing for the Debtor's continued use of cash collateral (the "Continued Hearing"). The Continued Hearing will be held at 230 N. 1st Ave, Courtroom 701, Phoenix, Arizona. At the Continued Hearing, the Court will consider the Debtor's request to extend the terms of this Order indefinitely. Any party wishing to object to the Debtor's use of cash collateral shall do so in writing, filed with the Court 7 days before the Continued Hearing. Absent any timely filed objections, the Court may grant the Motion without any further notice.

*Signed and Dated Above*

Approved as to Form and Content By:

  /s/ *Travis A. Pacheco* (with permission)       /s/ *Brian M. Blum*
John G. Sinodis
Travis A. Pacheco                                 Brian M. Blum
*Attorney for Ascentium Capital LLC*              *Attorney for Debtor*